UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN T. ROUGEAU | CIVIL ACTION NO. 07-0912 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| FEDERAL BUREAU of INVESTIGATION | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion for summary judgment, doc. # 23, referred to me by the district judge for Report and Recommendation. Plaintiff has sued the Federal Bureau of Investigation (FBI) under the Freedom of Information Act, 5 U.S.C. §552, (FOIA) alleging that it has failed to turn over to him documents he seeks. Plaintiff alleges that he was an informant for the FBI and, in connection with his work as an informant, gathered items which were later considered to be child pornography. When the state authorities seized the items and charged him with a crime, he claims the FBI agent with whom he worked failed to inform the state authorities that he had gathered the items for the FBI. Plaintiff ultimately entered a guilty plea to the charges in state court. He then filed a complaint with the FBI against the agent. In the complaint, the plaintiff alleged that the agent was not truthful to local law enforcement concerning his role in assisting the FBI in its work involving child pornography.

It is the documents from the FBI's investigation of his complaint which plaintiff seeks. Specifically, plaintiff seeks information from the FBI which would "explain his association with pornographic materials in order to obtain his teaching certification" from Louisiana. Plaintiff also seeks costs.

The FBI, through the U. S. Attorney, has filed the instant motion for summary judgment asserting that all documents which are not exempt form disclosure under the FOIA have been provided to the plaintiff.

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

Analysis

The government has filed an affidavit[1] from the Section Chief of the records division of the FBI which outlines the government's

---

[1] Actually a "declaration" as described in Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

4

reasons for redacting or refusing to provide certain documents under the rules which govern FOIA requests. The affidavit explains that the FBI has processed a total of 187 pages of documents responsive to plaintiff's requests and has made three searches of its database to locate the documents. Some 73 pages were withheld and parts of 37 pages were redacted. The affidavit explains what the reasons are for the withholding of information according to "exemptions" set forth in the FOIA. The FBI objects to providing information which include telephone numbers, file numbers, identifying information regarding FBI agents and employees and local law enforcement personnel, and the names of cooperating witnesses and other third parties. The government contends that all of the information withheld involves internal agency rules and practices or the unwarranted invasion of privacy.

All of the information gathered and which the FBI reviewed concerns a complaint that plaintiff made to the FBI concerning the agent with whom he worked, allegedly as an informant. The information was gathered in the FBI's investigation of plaintiff's complaint against the agent.

Because the court could not determine whether the documents regarding which exemption from disclosure was claimed were properly redacted or withheld, the court ordered the FBI to produce the documents to the undersigned for an *in camera* inspection. The documents were produced and the court reviewed them, along with the

5

stated reasons of the FBI for withholding or redacting them.

Following review, I have determined that, with one exception, the documents were properly withheld pursuant to the claimed exemptions. It must be remembered that the documents were generated in connection with the FBI's investigation of its agent pursuant to plaintiff's complaint. The documents were not generated in connection with an investigation of the plaintiff. However, plaintiff is entitled to know whether or not the agent was truthful to local law enforcement authorities since he was convicted in state court and lost his teaching job on account of the charges. Therefore, I will recommend that the last paragraph of the document identified as "Rougeau-46" be provided to the plaintiff[2]. That paragraph provides the information plaintiff seeks without implicating FBI internal rules and regulations or invading the privacy of the FBI agents and employees or anyone else. Had that information been provided to begin with, it likely would have obviated the plaintiff's need to file this lawsuit and would have saved the FBI, the U.S. Attorney and this court substantial time and resources.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that, there being no genuine issue of material fact and both plaintiff and defendant being entitled to judgment, in part, as a matter of law, the FBI be

---

[2] The names and gender-identifying pronouns may be redacted.

ordered to provide a redacted copy of the last paragraph of the document identified as "Rougeau-46" to plaintiff within 10 days.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of February, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE